Dear Mr. Landreneau:
On behalf of the Beauregard Parish Police Jury you have requested an Attorney General's Opinion regarding whether or not a retired parish employee, Mr. Alvie Aaron Williams, is entitled to payment of accrued sick leave.[1]
It is our understanding that Mr. Williams ceased working for the Parish in 2002, after having attained seven years of service credit with the Parochial Employees Retirement System, but had not yet reached the age of 65, the required retirement eligibility age. When Mr. Williams did reach 65 in 2003 he began receiving his retirement benefits. At that time, Mr. Williams sought payment from the Parish of Beauregard for the accumulated sick leave which he had accrued prior to ceasing work.
Apparently, it is the Parish's position that only someone entitled to immediately begin receiving retirement benefits at the time they cease working can be considered to have "retired' from parish service, thereby entitling them to receive payment for accrued sick leave. The Parish questions whether Mr. Williams is entitled to his accrued sick leave, in light of the fact that at the time Mr. Williams ceased working, he was not yet entitled to receive his retirement benefit.
Please be advised that after examination of pertinent provisions of the Beauregard Parish Police Personnel Procedures Manual, 2nd Edition, 1996 the ("Manual"), as well as the correspondence and documentation submitted with your request, it is the opinion of this office that Mr. Williams is entitled to receive payment for his accrued sick leave.
Pertinently, Section 6.02, entitled "Sick Leave, of the Beauregard Parish Police Personnel Procedures Manual, 2nd Edition, 1996 (the "Manual"), provides as follows:
"B. ... Sick leave may be accumulated and accrued, not to exceed 60 days. Accumulated time, not to exceed 60 days, will carry forward until retirement. At that time, the retiree will have the option to choose to let sick leave accumulated go toward added time to retirement, or be paid sick leave as a lump sum.
D. Upon retirement.. .an employee will receive full pay for accumulated sick leave not to exceed the 60-day limit. No pay will ever be received for sick leave if an employee quits or is terminated by process of termination for reason." (Emphasis added).
In our opinion, Section 6.02 of the Manual indicates that an employee's sick leave carries forward until the employee retires, and is payable upon "retirement". Although the Manual also indicates that employee will not receive pay for accrued sick leave if he or she "quits", no definition of the word "retirement" or the word "quit", as those words are used in the Manual is given, nor, unfortunately, are the words distinguished from each other. We note that both terms can be used to refer to someone who ceases working, with or without retirement benefits. The term "quits" could also be meant to refer to someone who walks off the job without formerly resigning or properly notifying his or her employer.
A fair reading of the Manual indicates that an employee who separates from service is not required to be immediately eligible to receive retirement benefits in order to obtain payment for his accrued sick leave. The Manual does not appear to limit eligibility to receive payment for accrued sick leave to such a situation. Indeed, the words "Accumulated time.. .will carry forward until retirement" indicate that the Manual contemplates the very situation Mr. Williams apparently believes he is in, namely that of someone who "retires' (as opposed to someone who "quits') but is simply not yet eligible to receive retirement benefits from the System.[2] support of this interpretation of the Manual, as applied to Mr. Williams's unique situation, we note that one of the documents submitted with your request (copy attached) signed by Ms. Rebecca L. Clouse on April 9, 2002, in the section entitled "Reason for Leaving" indicates that the reason Mr. Williams left the Parish's employ was "Retirement, Pension", not "Voluntary Leaving (Quit)". Furthermore, the Explanation given for Mr. William's separation from service is "Full Time Employee Retiring".
Please note that our opinion herein is limited to the unique facts and circumstances arising in connection with Mr. Williams situation, and should not be considered as applying to other parish employees who have or will separate from Parish service. In order to avoid any future misunderstandings, we suggest the Parish consider revising the Manual, with the assistance of its legal counsel, to clearly reflect the Parish's intention with respect to the payment of accrued sick leave. In this regard, "quit" might be defined to mean separating from service prior to reaching eligibility to receive retirement benefits, and "retire" and "retirement" might be defined to refer only to employees who are immediately eligible to receive, and who immediately begin receiving, retirement benefits.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if you have any questions.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
BY: ________________________________
 JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
CCF, jr./JMZB/dam xc: Ms. Betty Cunningham, Beauregard Parish Police Jury
[1] Although you requested our opinion with respect to Mr. Williams's annual, as well as his sick leave, we address only his entitlement to sick leave. In accordance with documentation supplied with your request, as confirmed by Ms. Betty Cunningham, Parish Secretary-Treasurer, Mr. Williams received payment for his accrued annual leave in 2002.
[2] Although Mr. Williams was not entitled to begin receiving Retirement System benefits at the time he ceased working, it is our understanding that he did begin receiving Social Security retirement benefits at that time.
JAN 07-2005 10:56 DEPT. OF JUSTICE — CIVIL
1. NAME ___________________________ 2. SS NO. ___________________________
3. DATE OF SEPARATION 4/09/2002 4. DATE LAST WORKED 4/05/2002
PLEASE PROVIDE DETAILED EXPLANATION for item checked below. Should this individual file a claim for unemployment insurance benefits complete facts will enable this agency to make an equitable decision.
3. REASON FOR LEAVING
01 [ ] Voluntary Leaving (Quit) 02 [ ] Discharge, (Fired) 03 [ ] Lack of Work (R.I.F.) 04 [ ] Leave of Absence 05 [ ] Not Physically Able to Work 06 [ ] School Employee Contract 07 [ ] Refused Other Suitable Work 08 [ ] Labor Dispute 09 [x] Retirement Pension 10 [ ] Other
6. VACATION/SEVERANCE/DISMISSAL/BONUS/HOLIDAY PAY INFORMATION.The employee received or will receive:
 (x) Vacation $ 1,616.99 week(s) 4 ( ) Severance/Dismissal $ ______________ week(s) _____________ ( ) Bonus $ ______________ week pd._____________ ( ) Holiday Pay $ ______________ week(s) _____________
 Lump sum ( ) vacation ( ) accrued leave ( )severance/dismissal pay ( ) bonus ( )holiday pay ( ) other remuneration covers a period of _________ week(s)
EXPLANATION
____FULL TIME EMPLOYEE RETIRING_________________________________________
________________________________________________________________________
________________________________________________________________________
certify that the worker whose name and social security number appear above has been separated from work and that the above information is correct. I further certify that the individual named above has been handed or mailed a copy of this notice.
7. BEAUREGARD PARISH POLICE JURY 8. 337-463-7019 9. Employer Name Phone-Area Code No. Employer Acct.
10. POST OFFICE 310 DERIDDER, LA 11. 70634 Address Street/Box City State Zip Code
12. REBECCA L. CLOSE 13. EXECUTIVE SECRETARY 14. 4/09/2002 Signature Title Date